United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-10001
Summary Calendar
_____

WILLIE H. BUCKINGHAM,

Plaintiff-Appellant,

versus

MEDICAL DEPARTMENT LUBBOCK COUNTY JAIL,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CV-76-C
- - - - - - - - - -

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Willie H. Buckingham, a Texas prisoner (# 1043643), appeals from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint, without prejudice, for failure to exhaust administrative remedies, pursuant to 28 U.S.C. § 1997e. Buckingham had alleged that Lubbock County Jail staff was deliberately indifferent to his serious medical needs by failing to treat his bleeding ulcers.

In his appellate brief, Buckingham does not address the district court's conclusion that he failed to exhaust

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies by filing grievances at the Lubbock County Jail.  He neither denies failing to pursue such remedies nor argues that such remedies were unavailable.  Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment.  <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).  Because Buckingham has failed to contest the district court's conclusion that he failed to satisfy the exhaustion requirement, he has waived the only issue relevant to his appeal.  <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are deemed abandoned).

Buckingham's appeal is without arguable merit and is thus frivolous.  <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the appeal is DISMISSED.  5TH CIR. R. 42.2.  The dismissal of this appeal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Buckingham that once he accumulates three strikes, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL **DISMISSED**; SANCTION WARNING ISSUED.